UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KUSHAWN S. MILES,

    Plaintiff,

v.

    Case No. 2:23-cv-40

    Hon. Hala Y. Jarbou

UNKNOWN SURETY, et al.,

    Defendants.
_____/

## ORDER

On December 18, 2024, the magistrate judge entered a report and recommendation ("R&R") recommending that the Court grant Defendants' motion for summary judgment and dismiss the case. (R&R, ECF No. 31.) Before the Court are Plaintiff's objections to the R&R. (Pl.'s Objs., ECF No. 32.)

Under Rule 72 of the Federal Rules of Civil Procedure,

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Plaintiff objects to the dismissal of his retaliation claims against Defendants. The magistrate judge concluded that Plaintiff's claims were unfounded such that no reasonable jury could believe him. The Court agrees with the R&R in part and disagrees in part.

Retaliation – Class I Misconduct Ticket

As to the Class I misconduct ticket issued by Defendant Simpson, Plaintiff could not show that this ticket was motivated by Plaintiff's protected conduct because Plaintiff was found guilty of the misconduct at a Class I misconduct hearing and prison policy required Defendant to issue

the misconduct ticket. (R&R 10-14.) Plaintiff identifies no error in that logic. Plaintiff claims that the ticket was false; however, he had the opportunity to litigate that issue at his misconduct hearing and the hearing officer found him guilty. That officer's decision has preclusive effect on this case. (*See* R&R 10-11.) Thus, Plaintiff's retaliation claim regarding the Class I misconduct ticket is properly dismissed.

Plaintiff contends that the magistrate judge ignored evidence that the other Defendants are liable for conspiring with Simpson to issue a retaliatory Class I misconduct ticket. A conspiracy claim fails, however, because Plaintiff cannot show an underlying violation of his constitutional rights. Absent such a violation, there is no viable conspiracy claim against the other Defendants. *See Umani v. Mich. Dep't of Corrs.*, 432 F. App'x 453, 462 (6th Cir. 2011).

Retaliation – Class III Misconduct Tickets

As to the Class III misconduct tickets purportedly issued by Defendants Simpson, Storey, and Chancey in retaliation for Plaintiff's grievances, the magistrate judge concluded that Plaintiff's assertions were "contradicted by the record." (*See* R&R 17, 19, 20.) In particular, the magistrate judge noted that Plaintiff made conflicting statements about who wrote the tickets and when they did so, and that Plaintiff did not provide a copy of the tickets themselves. (*Id.* at 15, 20.) The magistrate judge credited Defendants' sworn statements that they did not write any Class III misconduct tickets on Plaintiff, and that they could not have done so because they were not working in Plaintiff's unit at the time. (*See id.* at 16, 19, 20.)

Plaintiff objects that the magistrate judge ignored his verified complaint and other evidence and improperly accepted Defendants' evidence over his own. The Court agrees. By discounting Plaintiff's testimony and weighing it against the evidence presented by Defendants, the magistrate judge made credibility assessments that are not appropriate for summary judgment. The magistrate

2

judge failed to view the evidence in the light most favorable to Plaintiff, whose sworn statements of fact and other evidence indicate that Defendants issued misconduct tickets against him because he filed grievances. That evidence is sufficient to create a genuine dispute of material fact. Plaintiff need not provide copies of the misconduct tickets to buttress his claim; his sworn statements are sufficient. Conflicts between Plaintiff's statements raise credibility issues, but those issues are for the jury to resolve, not the Court. *See Wyatt v. Nissan N. Am., Inc.*, 999 F.3d 400, 410 (6th Cir. 2021) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ." (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986))).

Similarly, Defendants' assertions about their work schedules do not definitively resolve Plaintiff's claims. Even if those schedules show they were not working in his unit during the times when Plaintiff claims they retaliated against him,[1] it is the jury's responsibility—not the Court's—to weigh that evidence against Plaintiff's and decide which to believe. Furthermore, Plaintiff points out that officers assigned to work in one unit have access to other units. Their scheduled work assignments do not rule out the possibility that they were present in Plaintiff's unit and issued him misconduct tickets. Consequently, the Court rejects the magistrate judge's reasoning for granting summary judgment to Defendants on the retaliation claims involving the Class III misconduct tickets.

On the other hand, as Defendants note in their summary judgment brief, Plaintiff testified at his deposition that Defendant Simpson did not write a Class III misconduct ticket on him. (Pl.'s Dep. 24, 32, ECF No. 26-4.) Plaintiff did not argue otherwise in his response brief. (*See* Pl.'s

---

[1] The Court agrees with the magistrate judge that, because Defendants did not provide a legend to interpret their work schedules, the Court cannot "effectively interpret" them. (R&R 16 n.3.)

3

Resp. Br., ECF No. 28, PageID.365 (arguing only that Defendants *Chancey* and *Storey* retaliated against him by issuing Class III misconduct tickets).) Accordingly, Defendant Simpson is entitled to summary judgment for the retaliation claim against him based on the Class III misconduct tickets because it is not disputed that he did not write such a ticket.

Defendants Chancey and Storey raise qualified immunity as a defense. The magistrate judge did not address this issue because he granted their motion for other reasons. That defense is unavailing because the law is sufficiently clear that a prison official cannot retaliate against a prisoner for filing a prison grievance by charging the prisoner with a misconduct. *See Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018) ("[A] reasonable prison officer would have been aware that issuing a misconduct ticket, even a minor misconduct ticket, in retaliation for the inmate's exercise of his First Amendment rights could give rise to constitutional liability."). Thus, Defendants Chancey and Storey are not entitled to qualified immunity. In short, they are not entitled to summary judgment for Plaintiffs' retaliation claims against them regarding the Class III misconduct tickets.

Retaliation – Responsibility Assessment

Defendant Olson assessed Plaintiff to determine whether he was mentally competent to face the Class I misconduct charge. According to prison policy, a prisoner with a "mental disability" is not responsible for misconduct if they lack "substantial capacity to know the wrongfulness of their conduct" or are "unable to conform their conduct to Department rules." (Mich. Dep't of Corrs. Policy Directive 03.03.105 ¶ EEE, ECF No. 26-10.) A prisoner can seek a "Misconduct Sanction Assessment/Determination of Responsibility" from a mental health professional, and if they are determined to be not responsible due to mental disability, the misconduct report is not processed. (*Id.* ¶ HHH.) Plaintiff contends that Olson submitted an

4

assessment that falsely determined Plaintiff was competent and responsible for his behavior. He contends she did so in retaliation for his grievances.

The magistrate judge concluded that Olson's assessment findings were not an adverse action and were not caused by Plaintiff's protected conduct because Olson would have reached the same conclusions regardless of Plaintiff's grievances. In particular, as to the adverseness of Olson's conduct, the magistrate judge noted that Olson's findings did not impose any restrictions on Plaintiff or burden him in any way; he was in the same position he would have been in before Olson conducted her assessment and reached her conclusions. (R&R 24.) Like the magistrate judge, the Court is not persuaded that a false disability assessment is an adverse action.

Even if it was an adverse action, there is no evidence supporting Plaintiff's assertion that Olson's findings were false. Plaintiff points to nothing in the record supporting that assertion. Mental illness alone does not meet the prison's standard for incapacity and lack of responsibility. Only a mental illness that "significantly impairs judgment, behavior, capacity to recognize reality, or the ability to cope with the ordinary demands of life" would meet the standard. (Policy Directive 03.03.105 ¶ EEE(1).) Plaintiff has not provided evidence of such a disability. Indeed, Plaintiff's lengthy, well-reasoned submissions to this Court and his deposition testimony suggest that he possesses sufficient capacity to know the wrongfulness of his conduct and to conform his conduct to prison rules. There is no evidence that his condition was any different at the time of his misconduct.

Plaintiff argued in response to the summary judgment motion that Olson never assessed him by speaking with him or meeting him in person. (Pl.'s Resp. Br., PageID.367.) Meeting with Plaintiff was not necessary, however. Defendants offered evidence that such assessments are typically performed based on a prisoner's mental health records alone. (Wood Aff. ¶ 6, ECF

No. 26-11.) On its face, Policy Directive 03.03.105 does not require an in-person assessment. Thus, Olson's failure to meet with Plaintiff is not evidence that she did not conduct a proper assessment or that her findings were false. Consequently, the Court agrees that Olson is entitled to summary judgment.

Accordingly,

**IT IS ORDERED** that the R&R (ECF No. 31) is **APPROVED IN PART** and **REJECTED IN PART** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 25) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that Plaintiff's claims for damages against Defendants in their *official* capacities are **DISMISSED WITH PREJUDICE** because such claims are barred by sovereign immunity.

**IT IS FURTHER ORDERED** that Defendants Olson and Simpson are **DISMISSED WITH PREJUDICE** because they are entitled to summary judgment for Plaintiff's claims against them.

Plaintiff's retaliation claims against Defendants Chancey and Storey for issuing Class III misconduct tickets remain in the case.

Dated: January 23, 2025       /s/ Hala Y. Jarbou
                              HALA Y. JARBOU
                              CHIEF UNITED STATES DISTRICT JUDGE